IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES EDWARD SMITH, )
)
)
Plaintiff, ) CV: 1:14-cv-999
v. )
)
) JURY TRIAL DEMANDED
GOLDEN PEANUT COMPANY, LLC, )
a limited liability company; )
)
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, James Edward Smith, and asserts the following claims against Golden Peanut Company, LLC, a limited liability corporation; to-wit:

## PARTIES

1. **JAMES EDWARD SMITH** [hereinafter referred to as "SMITH"] is an individual over the age of majority and is a citizen of Elizabethton, Tennessee.

2. **GOLDEN PEANUT COMPANY, LLC** [hereinafter referred to as "GOLDEN PEANUT"] is a limited liability corporation existing under the laws of the State of Georgia with its principal place of business located at 100 Northpoint Center East, Suite 400, Alpharetta, Georgia 30022. For the purposes of 28 U.S.C. §1332(c)(1), **GOLDEN PEANUT** is deemed to be a citizen of the State of Georgia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is a dispute between citizens of different States.

4. Venue is proper in the Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Henry County, Alabama within this district.

## GENERAL ALLEGATIONS

5. On the 11th day of March, 2014, **SMITH** was working for Dothan Blow Pipe through a temporary employment agency, Employ Bridge South East, LLC, at **GOLDEN PEANUT'S** facility, located in Headland, Alabama.

6. While on the job, and while working in the line and scope of his employment on the 11th day of March, 2014 and as part of his job duties and responsibilities as a welder, **SMITH** was required to descend into a grain elevator shaft to perform a welding task.

7. At the time **SMITH** descended into the grain pit, there were no trucks on site, and the two individuals who knew **SMITH** was in the grain pit were supposed to be watching for trucks.

8. While **SMITH** was in the grain pit, a truck arrived and began dumping peanuts into the pit. The grain pit became full of peanuts and peanut dust while **SMITH** was in the pit. The dust was so thick that **SMITH** could not see his hand in front of his face.

9. On information and belief, **GOLDEN PEANUT** owned the truck and trailer that dumped the peanuts into the grain pit while **SMITH** was in it.

10. At said time, **SMITH** breathed in the peanut dust as he made his way to the ladder from his position in the bottom of the pit.

11. On March 12, 2014, **SMITH** woke up experiencing pain on the left side but went to work. On March 13, 2014, **SMITH** began having excruciating pain on both sides in his back and, as a result of the pain, had to sit down after working for approximately 30 minutes. On March 13, 2014, **SMITH** was driven back to **GOLDEN PEANUT'S** site in Headland, Alabama.

12. On March 14, 2014, **SMITH** was admitted to Northwest Florida Community Hospital in Chipley, Florida.

13. On March 17, 2014, **SMITH** was transferred to Gulf Coast Medical Center in Panama City, Florida with respiratory failure.

14. **SMITH** was on a ventilator at Gulf Coast Medical Center from March 17, 2014 until March 24, 2014.

15. **SMITH** was diagnosed with aspirated pneumonia from breathing the peanut dust.

16. On March 28, 2014, **SMITH** was discharged from Gulf Coast Medical Center on the condition that he was to receive continuous oxygen.

17. As a result of his exposure to peanuts and dust during the incident at issue, **SMITH** suffered from the following:

   a. Acute respiratory failure;

    b.    Severe sepsis from extensive pulmonary infiltrates;

    c.    Septic shock due to overwhelming pneumonia;

    d.    COPD exacerbation;

    e.    severe emphysema;

    f.    multilobar pneumonia;

    g.    chronic intersial lung disease;

    h.    hypersensitivity reaction;

    i.    paralysis and sedation for oxygenation and resuscitation in ICU during this devastating illness; and

    j.    hospital delirium vs. neuropsychiatric impairment after being paralyzed and being on sedatives in the ICU.

## COUNT ONE NEGLIGENCE AND WANTONNESS

18.    Plaintiff adopts and incorporates all of the foregoing paragraphs, as if they were fully set forth herein.

19.    On the date of his on-the-job injury and at all other material times, **GOLDEN PEANUT** owed **SMITH** a duty of reasonable care and to provide a safe place to work or a reasonably safe work environment.

20.    **GOLDEN PEANUT** negligently and/or wantonly breached these duties.

21.    **GOLDEN PEANUT** breaches of their duty proximately caused **SMITH's** injuries because **GOLDEN PEANUT** willfully, recklessly, wantonly, or negligently:

    a.    failed to watch for or keep a lookout in order to prevent the discharge of peanuts into an occupied workspace;

b. failed to prevent the discharge of peanuts into that workspace;

c. failed to notify the truck drivers responsible for the discharge of peanuts into that workspace of the presence of workmen;

d. failed to notify the workmen present in the workspace that peanuts were going to be allowed to be discharged into their work area;

e. failed to follow policies and procedures for the discharge of peanuts into an occupied workspace, including but not limited to:

    i. sign in and sign out procedures and notifications to truck drivers about the presence of workmen before allowing the discharge of a load of peanuts.

22. But for **GOLDEN PEANUT'S** wrongful conduct, **SMITH'S** injuries would have, more probably than not, have been prevented.

**WHEREFORE**, on the basis of the foregoing, **JAMES EDWARD SMITH** requests that the jury selected to hear this case render a verdict for him and against **GOLDEN PEANUT COMPANY, LLC** for compensatory damages in an amount that will adequately compensate him for the injuries and damages sustained by him and for exemplary damages in an amount that will adequately reflect the wrongfulness of **GOLDEN PEANUT COMPANY, LLC's** conduct. Further, **JAMES EDWARD SMITH** requests that the Court enter Judgment consistent with the jury's verdict and that it also award to him interest from the date of Judgment and the costs incurred by the Court in managing this lawsuit.

                                                Respectfully submitted,

_____
Jeffrey C. Kirby (KIR002)
William T. Johnson, III (JOH184)
KIRBY JOHNSON, PC
One Independence Plaza Drive, Suite 520
Birmingham, Alabama 35209
(205) 458-3553 Phone
(205) 458-3589 Fax
jkirby@kirbyjohnsonlaw.com
bjohnson@kirbyjohnsonlaw.com

OF COUNSEL FOR PLAINTIFF:
Rufus R. Smith, Jr. (SMI060)
Post Office Drawer 6629
Dothan, Alabama 36302
(334) 671-7959 Phone
(334) 671-7957 Fax
rufusrsmith@yahoo.com

## JURY DEMAND

Plaintiff, James Edward Smith, demands a jury trial on all issues in this action.

_____
Jeffrey C. Kirby
Of Counsel for Plaintiff

6

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

The Plaintiff hereby requests that the clerk serve the Defendants by Certified Mail, return receipt requested pursuant to Rule 4.1(c) of the Federal Rules of Civil Procedure.

GOLDEN PEANUT COMPANY, LLC
1040 Crown Pointe Parkway, Suite 1040
Atlanta, Georgia 30338

_____
Jeffrey C. Kirby
Of Counsel for Plaintiff